UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DALE M. ROBINSON,

                Plaintiff,

v.                                                Case No. 23-cv-1622-pp

CANDANCE WARNER, *et al.*,

                Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING AS UNNECESSARY DEFENDANTS' MOTION FOR SCREENING ORDER (DKT. NO. 3)**

---

Plaintiff Dale M. Robinson, who is incarcerated at Fox Lake Correctional Institution, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff has a lawyer and has paid the filing fee. This order screens his complaint, dkt. no. 1.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

B. Plaintiff's Allegations

The plaintiff has sued Candance Warner, health services manager at New Lisbon Correctional Institution; Dr. Karl Hoffman, who works at New Lisbon; Don Strahota, warden at New Lisbon; Tara Fredlund, complaint examiner at

2

New Lisbon; Scott A. Hoftiezer, medical director/physician at New Lisbon; and Dr. Kathryn Williams, UW Health East Madison Hospital. Dkt. No. 1 at 1.

The plaintiff alleges that between 2014 and 2017, defendant Dr. Hoffmann, who was the doctor at New Lisbon, stated that the plaintiff's feet were so badly deformed that he needed surgery, but he refused to refer the plaintiff for surgery. Id. at ¶22. Hoffmann allegedly stated that defendant Dr. Kathryn Williams was the only foot surgeon who would do surgery on incarcerated individuals and that Williams refused to perform surgery on the plaintiff. Id. The plaintiff states that Hoffmann "neglected to find another foot surgeon and continued the plaintiff on conservative treatment consisting of orthotics and boots for the period of three years." Id.

The plaintiff alleges that between 2014 and 2017, defendant Warner refused to refer the plaintiff for foot surgery, telling him that he had burned his bridges with Williams and that she was the only foot surgeon who was contracted with the Wisconsin Department of Corrections (DOC). Id. Warner allegedly did not take any initiative in referring the plaintiff to another foot surgeon for a second opinion. Id.

The plaintiff alleges that between 2014 and 2017, defendant Strahota denied the complaints the plaintiff submitted requesting a referral to a foot surgeon. Id. Strahota allegedly refused to have the plaintiff referred to a foot surgeon without ever interviewing him, viewing his feet or investigating whether foot surgeons were available to evaluate his feet and perform a surgery. Id.

3

The plaintiff alleges that defendant Fredlund saw the plaintiff's bare feet. Id. The plaintiff states that he asked Fredlund to arrange to take photos of his feet so the photos could be attached to his request for surgery to the DOC and to foot surgeons in the State of Wisconsin. Id. Fredlund allegedly refused to allow the plaintiff to have his feet photographed, stating that that would be helping him litigate his claim and that she could not help him litigate his claim because the claim would be against her boss, defendant Warden Strahota. Id.

The plaintiff alleges that defendant Hoftiezer refused to authorize foot surgery for the plaintiff, stating that (1) surgery would be a large undertaking, (2) the plaintiff would be a long-time non-weight-bearing; (3) there would be a long period of rehabilitation; and (4) the plaintiff was exaggerating his pain to obtain surgery. Id. Hoftiezer allegedly made these findings without ever viewing the plaintiff's feet. Id.

The plaintiff alleges that Dr. Williams saw him in 2014 and considered surgery but said she thought he wanted it only for cosmetic reasons. Id. Williams allegedly saw the plaintiff again in 2017 and refused to perform surgery. Id. The plaintiff says that Williams said her job would be on the line, but that the plaintiff had no other options other than her because she was the only foot surgeon at UW contracted with the DOC to do surgeries. Id. The plaintiff allegedly asked Williams if she lacked confidence, and alleges that she got mad at him and stated that she would not see him again. Id.

The plaintiff alleges that he "brought his medical condition to the attention of the defendants, however, through the negligence of said

4

defendants, they failed to provide the proper medical treatment from 2014 to 2020. Id. at ¶23. He alleges that failure to receive the proper medical care (i.e., foot surgery) caused him to suffer excruciating pain in walking and standing over a period of six years, 2014 to 2020. Id. at ¶24.

The plaintiff states that he had surgery on his left foot in 2020 and surgery on his right foot in 2022. Id. at ¶21. He states that both surgeries were successful, and that he is "now able to put his feet flat on the ground rather than walking on feet turned so severely that his ankles are on the level of the floor." Id. For relief, the plaintiff seeks compensatory damages. Id. at 11.

C. Analysis

The plaintiff's allegations that the defendants failed to obtain adequate treatment for the condition of his feet implicate his rights under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The plaintiff may proceed against the defendants in their individual capacities. The plaintiff also has stated claims for negligence under Wisconsin state law. The court will exercise supplemental jurisdiction over the plaintiff's state law claims. See 28 U.S.C. §1367(a).

**II. Defendants' Motion to Screen Plaintiff's Complaint (Dkt. No. 3)**

The plaintiff filed his complaint, and paid the filing fee, on December 1, 2023. Dkt. No. 1. On March 12, 2024, the defendants filed a motion asking the court to screen the complaint. Dkt. No. 3. They asserted that under 28 U.S.C. §1915A, the court is required to screen complaints filed by incarcerated persons against government entities or employees. Id. at ¶2. They stated that

5

they were "currently required to answer the Complaint by March 12, 2024," and argued that "[r]equiring an answer to the Complaint before the Court has screened it constitutes a hardship on Defendants." Id. at ¶3.

The defendants are correct that §1915A requires the court to screen complaints filed by incarcerated persons against governmental entities or employees. The statute requires the court to identify cognizable claims and to dismiss complaints, or claims, if they are frivolous, malicious or fail to state a claim, or if they seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(b). The defendants are incorrect, however, in asserting that they were required to answer the complaint by March 12, 2024.

Federal Rule of Civil Procedure 12(a)(1)(A) requires a defendant to answer "within 21 days *after being served with the summons and complaint.*" (Emphasis added.) The Seventh Circuit has held that §1915A "forbids service of process until screening has been completed." Rodriguez v. McCloughen, 49 F.4th 1120, 1122 (7th Cir. 2022). The defendants have not yet been served with the complaint because the court has not yet ordered the clerk's office to issue a summons to the plaintiff for use in effectuating service. The court will deny the defendants' motion to screen the complaint as unnecessary.

### III. Conclusion

The court **ORDERS** that the Clerk of Court shall issue the summons attached to the complaint and provide it to the plaintiff. The plaintiff shall serve the defendants under Federal Rule of Civil Procedure 4.

6

The court **ORDERS** that the defendants shall filed a responsive pleading to the complaint.

The court **DENIES AS UNNECESSARY** the defendants' motion for screening order. Dkt. No. 3.

Dated in Milwaukee, Wisconsin, this 26th day of March, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**